UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEOFFREY ROBERT LAWSON SR., <br><br> Plaintiff, <br><br> v. <br><br> BERNARD WARNER, KIM WYMAN, JEFFREY A UTTECHT, ROY GONZALES, BAILEY, RAND SIMMONS, L WONDERS, CHE, MILLER, FORD, GUNTER, AYERS, STUENKEL, JOHN 1 DOE, JOHN DOE 2, <br><br> Defendants. | CASE NO. C14-5100 RBL-KLS <br><br> ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO ADD AND SERVE A DEFENDANT |

This matter has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Fed. R. Civ. P. 72. The case is before the undersigned on Plaintiff Geoffrey Robert Lawson Sr.'s motion to add a defendant and serve that person. Dkt. 29. Defendants responded and oppose the motion as futile. Dkt. 31. Having reviewed the record the undersigned **denies** Plaintiff's motion without prejudice. If this action survives Defendants' motion to dismiss Plaintiff may renew his request.

Plaintiff did not include Custody Program Manager Lori Tellaria as defendant in either the case caption or initial written paragraphs where he lists defendants. Dkt. 5 pp. 1 and pp. 2-6. However, he did name her as a defendant under the additional defendants section. Dkt. 5, p. 7.

The sole allegation against this proposed defendant is that she denied a request to transfer Plaintiff to another facility. Dkt. 5 p. 20. Plaintiff alleges that he was denied access to Courts and the alleged denial of a transfer is part of that allegation. Defendants argue that the amendment is futile and even under the liberal standards for allowing amendment of a complaint the motion should be denied. Dkt. 31 pp. 2-3.

## STANDARD OF REVIEW

Fed. R. Civ. P. 15(a) addresses amendment of the complaint before trial and states:

(a) Amendments Before Trial.

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2) applies to this case because defendants filed an answer on April 7, 2014 and Plaintiff did not file his motion to add a defendant until July 3, 2014. Dkt. 22 and 29. A court's decision to deny a motion to amend is reviewed for abuse of discretion, but there are policy reasons for liberally granting motions to amend when justice so requires. *Sweaney v. Ada County*, 119 F.3d 1385, 1392 (9th Cir, 1997). The factors the undersigned considers include undue delay, bad faith, prejudice to the opponent, and futility. *Id*.

Plaintiff did not delay unduly in filing his motion and prejudice is not an issue, the only relevant factor is futility. The Court does not intend to pre judge the pending motion to dismiss in order to rule on this motion. The Court will need to consider plaintiff's allegation that this

proposed defendant denied a request for a transfer in light of plaintiff's argument that he was denied access to court. *See* Dkt. 5 p. 20. The Court **denies** Plaintiff's motion to add a defendant (Dkt. 29) without prejudice and if Plaintiff's access to court claim survives Defendants' motion to dismiss Plaintiff may renew his motion.

The Clerk is directed to send a copy of this Order to Plaintiff.

Dated this 25th day of August, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING WITHOUT PREJUDICE
PLAINTIFF'S MOTION TO ADD AND SERVE A
DEFENDANT- 3