UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEOFFREY ROBERT LAWSON SR.,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD WARNER, KIM WYMAN, JEFFREY A UTTECHT, ROY GONZALES, BAILEY, RAND SIMMONS, L WONDERS, CHE, MILLER, FORD, GUNTER, AYERS, STUENKEL, JOHN 1 DOE, JOHN DOE 2,<br><br>Defendants. | CASE NO. C14-5100 RBL-KLS<br><br>ORDER ON PLAINTIFF'S PENDING MIOTIONS |

This matter has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Fed. R. Civ. P. 72. Defendants filed a Motion to Dismiss and they provided plaintiff with notices regarding that motion (Dkt. 36 and 37). Defendants motion is noted for August 22, 2014.

Rather than respond to defendants' motion, Mr. Lawson filed two motions with later noting dates. Dkt 39 and 42. The Court will rule on Mr. Lawson's motions now in order to move the action forward.

Mr. Lawson filed a motion asking the undersigned to stay defendants' Motion to Dismiss and asking for an extension of the deadline for filing a response. Dkt. 39. Mr. Lawson's motion

to stay is premised on his request for discovery. Dkt. 39, p. 3. The Court granted defendants' motion to stay discovery in this action because defendants raised the affirmative defense of qualified immunity. Dkt. 41. Accordingly, Mr. Lawson's motion to stay the pending Motion to Dismiss is **DENIED**.

Mr. Lawson also asks for sixty days of additional time to file a response to the pending Motion to Dismiss. Dkt. 39. Mr. Lawson's request is excessive. The time for responding to a motion to dismiss is normally 30 days. However, the undersigned will grant Mr. Lawson a short extension, until **September 26, 2014,** to file a response to defendants' Motion to Dismiss. Defendants' reply will be due on or before **October 3, 2014**.

Mr. Lawson has also filed a motion asking for leave to file a surreply regarding the motion to stay discovery. Dkt. 42. Defendants filed their reply August 19, 2014. Dkt. 38. Local Rule 7(g) addresses surreplys:

> (g) Requests to Strike Material Contained in Motion or Briefs; Surreply
>
> Requests to strike material contained in or attached to submissions of opposing parties shall not be presented in a separate motion to strike, but shall instead be included in the responsive brief, and will be considered with the underlying motion. The single exception to this rule is for requests to strike material contained in or attached to a reply brief, in which case the opposing party may file a surreply requesting that the court strike the material, subject to the following:
>
> (1) That party must file a notice of intent to file a surreply as soon after receiving the reply brief as practicable.
>
> (2) The surreply must be filed within five days of the filing of the reply brief, and shall be strictly limited to addressing the request to strike. Extraneous argument or a surreply filed for any other reason will not be considered.
>
> (3) The surreply shall not exceed three pages.
>
> (4) No response shall be filed unless requested by the court.

See, Local Civil Rule 7(g).

1  Mr. Lawson signed his motion to file a surreply on August 27, 2014, and he signed his

2  surreply on August 28, 2014.  Dkt. 42 and 42-1. This is nine days after the reply was filed.  Dkt

3  38.  Accordingly the motion is not timely.  Further, the undersigned has already ruled on the

4  motion and stayed discovery in this action and the motion to file a surreply is moot.  Dkt. 41.

5  The motion to file a surreply is **DENIED**.

6  The Clerk is directed to re-note defendants' Motion to Dismiss (Dkt. 36),  for **October 3,**

7  **2014**, The Clerk's office may remove plaintiff's pending motions (Dkt. 39 and 42) from the

8  Calendar and send a copy of this Order to Plaintiff.

9  Dated this  8th day of September, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER ON PLAINTIFF'S PENDING MIOTIONS-
3