UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEOFFREY ROBERT LAWSON SR.,

Plaintiff,

v.

BERNARD WARNER, KIM WYMAN, JEFFREY A UTTECHT, ROY GONZALES, BAILEY, RAND SIMMONS, L WONDERS, CHE, MILLER, FORD, GUNTER, AYERS, STUENKEL, JOHN 1 DOE, JOHN DOE 2,

Defendants.

CASE NO. C14-5100 RBL-KLS

ORDER ON PLAINTIFF'S PENDING MOTIONS

This matter has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Fed. R. Civ. P. 72.  Defendants filed a Motion to Dismiss and provided plaintiff with the required notices regarding that motion Dkt. 36 and 37.  In addition to responding to defendants' motion (Dkt. 45), Mr. Lawson filed a motion to convert the Motion to Dismiss to a Motion for Summary Judgment (Dkt. 49) and a Motion for Extension of Time.  Dkt. 52.

A.     Extension of time to file a reply.  Dkt. 52.

Mr. Lawson filed a motion asking for an extension of time to excuse his late filing of a reply to defendants' opposition to a motion to convert defendants' motion to dismiss to a motion for summary judgment.  Dkt. 52.  Plaintiff's motion for an extension of time is **Granted**.

ORDER ON PLAINTIFF'S PENDING MOTIONS- 1

B.   Motion to Convert a Motion to Dismiss to a Motion for Summary Judgment. Dkt. 45.

Mr. Lawson asks the undersigned to convert a motion to dismiss into a motion for summary judgment and consider nearly six hundred pages of exhibits he attached to a memorandum. Dkt. 45 and 49. Defendants filed their motion to dismiss on July 3, 2014 and noted the motion for August 22, 2014. Dkt. 36. Defendants gave plaintiff proper notices regarding the dispositive motion. Dkt. 37. In response plaintiff filed a motion asking to stay the motion to dismiss so that he could conduct discovery and a notice that he intended to file a surreply regarding a discovery motion. Dkt. 42. The undersigned denied the motion to stay defendants' motion to dismiss, but gave Mr. Lawson until September 26, 2014, to file a response and the undersigned re-noted defendants' motion for October 3, 2014. Dkt. 43. Mr. Lawson signed his response on September 26, 2014, and it was received by the Court on October 2, 2014. The response is a 23 page memorandum with over five hundred pages of exhibits. Dkt. 45. Defendants filed a reply asserting that the response was untimely and introduced evidence outside of the record. Dkt. 46. Defendants argue that Mr. Lawson is attempting to supplement his complaint and add allegations not pled in the complaint. Dkt. 46, p. 3.

A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). Fed. R Civ. P. 12(d) states:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

The Court will not look outside the pleadings to test the legal sufficiency of Mr. Lawson's complaint. The rules regarding dismissal of an action are lenient and plaintiff need only pled

facts "to state a facially plausible claim to relief." *Conservation Force v. Salazar*, 646 F.3d at1242. (quoting, *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir.2010)).  In addition, Mr. Lawson may have an opportunity to amend his complaint as the Ninth Circuit has held that unless it is absolutely clear that amendment would be futile, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Mr. Lawson's motion to convert defendants' motion to dismiss into a motion for summary judgment (Dkt. 45) is **DENIED**. The undersigned will consider the memorandum filed by Mr. Lawson as a response to the motion to dismiss but will not look outside the pleadings or consider the exhibits filed by Mr. Lawson's memorandum.  Dkt. 45.  The undersigned will file a separate Report and Recommendation regarding defendants' motion to dismiss.

## Conclusion

Plaintiff's Motion to Convert Defendants' Motion to Dismiss to a Motion for Summary Judgment (Dkt. 49) is DENIED and his Motion to Extend Time for filing a reply to defendants' Motion to Dismiss (Dkt. 52) is GRANTED.

Dated this 30th day of December, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER ON PLAINTIFF'S PENDING MOTIONS- 3